UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

K.B.,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 24-cv-06218-VKD

**ORDER RE SOCIAL SECURITY APPEAL**

Re: Dkt. Nos. 14, 18

Plaintiff K.B.[1] challenges a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 423, 1381, *et seq*. K.B. contends that the administrative law judge ("ALJ") erred in finding that her chronic obstructive pulmonary disorder ("COPD") and asthma are not severe impairments. The Commissioner maintains that the ALJ's decision is free of legal error and supported by substantial evidence.

The parties have filed their respective briefs. Dkt. Nos. 14, 18. The matter was submitted without oral argument. Civil L.R. 16-5. Upon consideration of the parties' briefs and the relevant evidence of record, for the reasons set forth below, the Court affirms the ALJ's decision.[2]

---

[1] Because orders of the Court are more widely available than other filings, and this order contains potentially sensitive medical information, this order refers to the plaintiff only by her initials. This order does not alter the degree of public access to other filings in this action provided by Rule 5.2(c) of the Federal Rules of Civil Procedure and Civil Local Rule 5-1(c)(5)(B)(i).

[2] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 7.

## I. BACKGROUND

K.B. was 61 years old on September 8, 2021, the date she filed her applications for disability insurance benefits and SSI. *See* AR[3] 66, 108, 109. The record indicates that K.B. completed eleventh grade, and that she has worked as an in-home caregiver, but has not worked since November 6, 2021. *See* AR 39-40, 347, 387.

On September 8, 2021, K.B. applied for disability insurance benefits and SSI, alleging disability beginning January 16, 2018 due to hypertension, hypothyroidism, brain aneurysm, COPD, post-traumatic stress disorder, migraines, and generalized anxiety disorder. *See* AR 111, 135. Her applications were denied initially and on review. AR 66-107, 110-156. An ALJ held a hearing on October 18, 2023, at which a vocational expert testified. AR 35, 55-60.

On December 19, 2023, the ALJ issued an unfavorable decision. AR 17-28. The ALJ found that K.B. met the Act's insured status requirements through December 31, 2025, her date last insured. AR 17, 19. The ALJ found that K.B. had engaged in substantial gainful activity since the alleged onset date of January 16, 2018, noting that her earnings exceeded the substantial gainful activity threshold[4] from May 1, 2020 through November 6, 2021. *See* AR 19-20, 314-315. Thus, the ALJ found that K.B. was not disabled from May 1, 2020 through November 6, 2021. AR 20. K.B. does not dispute that finding.

The ALJ found that there had been a continuous 12-month period or periods during which K.B. did not engage in substantial gainful activity and proceeded through the sequential analysis for those periods. *Id*. The ALJ concluded that K.B. has the following severe impairments: major depressive disorder, generalized anxiety disorder, and polysubstance abuse. *Id.* However, the ALJ found that K.B. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the Commissioner's regulations. *Id*. The ALJ also found that K.B. has the following non-severe impairments: hypertension,

---

[3] "AR" refers to the certified administrative record filed with the Court. Dkt. No. 8.

[4] A claimant who engages in substantial gainful activity cannot be found disabled, no matter what his medical condition, age, education, or work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b).

hypothyroidism, migraines, chronic kidney disease, unruptured aneurysm, asthma, and COPD with continued tobacco use.[5] *Id*. The ALJ determined that since the alleged onset date of January 16, 2018 through the December 19, 2023 date of the ALJ's decision, K.B. had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: capable of performing simple routine repetitive tasks, and sustaining concentration, persistence and pace for two-hour increments with normal breaks, able to accept routine supervision and interact with co-workers in a non-collaborative manner. AR 22. The ALJ further noted that K.B.'s age category as of the alleged onset date was "advanced age." AR 26.

The ALJ found based on K.B.'s age, education, work experience, and RFC, K.B. could perform jobs that exist in significant numbers in the national economy, including cleaner II, office cleaner, and small parts assembler. AR 27. Accordingly, the ALJ concluded that K.B. was not disabled, within the meaning of the Act, from the alleged onset date of January 16, 2018 through the date of the ALJ's decision. *Id*.

The Appeals Council denied K.B.'s request for review of the ALJ's decision. AR 1-3. K.B. then filed the present action seeking judicial review of the decision denying her applications for benefits.

## II. LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (citation omitted); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (citation omitted). In this context, the term "substantial evidence" means "more than a mere scintilla" but "less than a preponderance" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ahearn*, 988 F.3d at 1115 (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103

---

[5] The present appeal focuses on K.B.'s physical impairments of COPD and asthma. K.B. does not challenge any of the ALJ's findings concerning her other physical or mental impairments.

3

1  (2019) and *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012), *superseded by regulation on other grounds*); *see also Morgan*, 169 F.3d at 599 (citation omitted).  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Ahearn*, 988 F.3d at 1115 (citation omitted); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the Commissioner.  *Ahearn*, 988 F.3d at 1115-16 (citation omitted); *Morgan*, 169 F.3d at 599 (citation omitted).

## III. DISCUSSION

On appeal, K.B. challenges the ALJ's finding that her COPD and asthma are not severe impairments.  Dkt. No. 14 at 3.  She does not challenge the ALJ's assessments of any of her other physical or mental impairments.  K.B. also contends that the ALJ failed to consider exertional limitations related to her COPD and asthma in the RFC.  *Id.* at 12.

### A. Medical Severity Determination

At step two of the five-step sequential analysis, the ALJ must assess the medical severity of a claimant's impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).  "[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  A severe impairment "must be established by objective medical evidence from an acceptable medical source."  20 C.F.R. §§ 404.1521, 416.921.  The claimant bears the burden of showing that he has a medically severe impairment or combination of impairments.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (stating that "[t]he burden of proof is on the claimant as to steps one to four" of the sequential analysis).

An impairment or combination of impairments is considered "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 416.920(c).  "Basic work activities are abilities and aptitudes necessary to do most jobs," *Smolen*, 80 F.3d at 1290 (citation modified), including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking;

4

understanding, carrying out, and remembering simple instructions; use of judgement, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting," Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3. "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen*, 80 F.3d at 1290 (citing SSR 85-28) (citation modified); *see also Webb*, 433 F.3d at 686 (same).

K.B. argues that "there is substantial evidence in the record that supports severe physical impairments of COPD and asthma, which had more than a minimal effect on [K.B.'s] ability to perform basic work activities." Dkt. No. 14 at 11. This is not the standard of review the Court applies. Rather, the Court must reverse the Commissioner's decision only if it is *not supported* by substantial evidence. *Ahearn*, 988 F.3d at 1115. The Court applies this standard in evaluating K.B.'s arguments about the evidence.

The ALJ first considered whether there was objective medical evidence that K.B. had COPD and asthma and concluded that there was such evidence. *See* AR 20 (citing AR 607-675, 694-700, 794-875). However, the ALJ found that these conditions are not severe because they "present no more than mild functional limitations and have not resulted in any significant limitation in the claimant's ability to do basic work activities." *Id.* In support of this determination, the ALJ observed that K.B.'s COPD and asthma "were managed medically, and should be amenable to proper control by adherence to recommended medical management and medication compliance," and that "no further aggressive treatment was recommended or anticipated for these conditions." *Id.* The ALJ's decision reflects that she specifically considered K.B.'s treatment notes and the opinions of Dr. Joseph Presto (agency consultant), Dr. Kyung Lee (agency consultant), Dr. Robert Tang (consultative examiner), and Brittany Price (family nurse practitioner) regarding K.B.'s COPD and asthma conditions.

First, the ALJ considered the April 8, 2022 and July 6, 2022 opinions of Drs. Presto and Lee. AR 25. Drs. Presto and Lee reviewed K.B.'s medical records and opined that K.B.'s COPD was not severe. *Id.* (citing AR 74, 121). Dr. Presto noted that K.B.'s COPD was maintained with

as-needed inhalers. AR 72. He noted that K.B.'s physical examination was unremarkable. *Id.* Dr. Lee also noted K.B.'s unremarkable physical examination. AR 121. The ALJ found that Dr. Presto's and Dr. Lee's opinions that K.B.'s COPD was non-severe were persuasive and adopted their opinions, finding that they were supported by objective evidence and consistent with the evidence as a whole. AR 25. K.B. does not challenge the ALJ's evaluation of these opinions.

Second, the ALJ also considered the opinion of Dr. Tang. AR 24-25. He examined K.B. on March 12, 2022. *Id*. Dr. Tang reported that although K.B. was a continuous smoker, she did not need supplemental oxygenation. AR 694. He reported that K.B.'s COPD was maintained with as-needed inhalers. AR 697. Dr. Tang's physical examination of K.B. also was unremarkable. AR 696. Nevertheless, Dr. Tang opined that K.B. could perform only light work, except that she could stand and walk up to six hours, sit with no limitations, occasionally climb ladders, and frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. AR 25 (citing AR 694-698). He also opined that K.B. should avoid working at heights, and around heavy machinery, chemicals, dust, fumes, and gases. *Id*. The ALJ concluded that Dr. Tang's opinion was unpersuasive because it was inconsistent with the record as a whole and unsupported by treatment notes. *Id*. K.B. does not challenge the ALJ's evaluation of this opinion.

Additionally, the ALJ considered a progress note summarizing K.B.'s November 9, 2022 visit with her treating family nurse practitioner Ms. Price. *Id.* At this visit, K.B. reported that her medication was not strong enough to manage her COPD and she had to use her inhaler five times per day because she had shortness of breath and wheezing after walking one block. AR 860. Ms. Price noted that K.B. had a cough, shortness of breath, and wheezing. AR 862. She stated that she discussed the need for K.B. to stop smoking in connection with her COPD.[6] *Id.* In Ms. Price's view, although K.B. has several medical conditions that require optimization, K.B. did not qualify for permanent disability. AR 25 (citing AR 860). The ALJ considered Ms. Price's

---

[6] As the ALJ observed, K.B.'s treatment notes and the opinions of the medical sources consistently noted K.B.'s regular smoking of marijuana and her use of cocaine during the relevant period. *See* AR 23-24 (citing AR 485, 492, 552, 676, 702, 726), 72, 121, 694-700. It is not clear whether any medical source attributed K.B.'s reported respiratory symptoms in whole or in part to her smoking or substance abuse.

1    opinion persuasive because it was supported by examination and a treatment relationship, and it
2    was consistent with the record as a whole. *Id.* K.B. does not challenge the ALJ's evaluation of
3    this opinion.

4    Fourth, the ALJ also considered the December 15, 2021 third party function report by
5    K.B.'s case manager Elizabeth Osterwald. AR 24. Ms. Osterwald wrote that K.B.'s impairments
6    affected her ability to lift, squat, bend, sit, kneel, and climb stairs, and that K.B. could walk for
7    five minutes before needing rest. AR 409. Ms. Osterwald stated that when K.B. goes outside, she
8    walks and uses public transportation. AR 407. She also stated that K.B. handles stress by using
9    substances. AR 410. The ALJ correctly noted that Ms. Osterwald stated that K.B. could perform
10   activities of daily living. AR 24 (citing AR 404-414). The ALJ found Ms. Osterwald's report not
11   persuasive regarding K.B.'s limitations because it was inconsistent with the objective medical
12   evidence. *Id*. K.B. does not challenge the ALJ's evaluation of this report.

13   Fifth, the ALJ also considered and discussed K.B.'s own statements. AR 23-24. In her
14   December 15, 2021 function report, K.B. stated that she experiences pain and finds it "difficult to
15   lift, sometimes get up from sitting, walk[] for extended periods" due to her impairments. AR 415.
16   K.B. stated that when she goes outside, she walks and uses public transportation. AR 418. She
17   reported that she can walk "ten blocks at most" or for fifteen minutes before needing to recover for
18   ten minutes. AR 420. The ALJ correctly observed that K.B. reported she can manage various
19   activities of daily livings, including caring for her granddaughter, cleaning, cooking, doing
20   laundry, and shopping. AR 24 (citing AR 415-426). The ALJ found that K.B.'s statements
21   concerning the intensity, persistence, and limiting effects of her symptoms are inconsistent with
22   the objective medical evidence and other evidence, and indicate that K.B. may overstate her
23   limitations. *Id*. K.B. does not challenge the ALJ's evaluation of her subjective symptom
24   testimony.

25   Crediting the evidence she found persuasive, the ALJ concluded that K.B.'s symptoms
26   were controlled by medication, such that her COPD and asthma did not significantly limit her
27   ability to do basic work activities. AR 20. K.B. does not argue that the ALJ's conclusion is not
28   supported by substantial evidence. Rather, K.B. argues that the ALJ's determination was incorrect

7

because K.B. has been consistently diagnosed with COPD and asthma since 2015 and she "continued to struggle with symptoms of shortness of breath, cough, and wheezing." Dkt. No. 14 at 11. In her brief, K.B. provides a lengthy summary of her history with COPD and asthma. *Id.* at 10-11. She contends that her medical history is "substantial evidence . . . that supports severe physical impairments of COPD and asthma . . . ." *Id.* at 11. These arguments are unpersuasive.

First, the length of time K.B. has had diagnoses of COPD and asthma does not speak to the severity of those conditions. Indeed, the ALJ noted K.B.'s history of diagnoses of COPD and asthma and acknowledged the existence of objective medical evidence for these conditions. Moreover, this history shows that after being diagnosed with COPD and asthma in 2015, K.B. has managed her symptoms using medication and inhalers without more aggressive interventions. *See* Dkt. No. 14 at 10-11.

Second, to the extent K.B. argues that the ALJ improperly disregarded K.B.'s COPD and asthma symptoms or erred in concluding that her symptoms were effectively managed with medication, K.B. fails to address the other evidence in the record on which the ALJ relied. Specifically, the ALJ relied on treatment notes describing K.B.'s COPD and asthma as managed by medication and the opinions of Dr. Presto, Dr. Lee, and Ms. Price concluding that K.B.'s COPD and asthma symptoms were controlled and non-severe. AR 23-25. The ALJ found unpersuasive Dr. Tang's opinion that (1) K.B. could perform light work except she could stand and walk up to six hours, sit with no limitations, occasionally climb ladders, and frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl and (2) she should avoid working at heights, and around heavy machinery, chemicals, dust, fumes, and gases. AR 25. The ALJ also considered Ms. Osterwald's third party function report regarding K.B.'s limitations and concluded they were not persuasive. AR 24. Finally, the ALJ discussed K.B.'s own statements concerning the intensity, persistence, and limiting effects of her symptoms and explained her finding that K.B.'s statements are inconsistent with the medical evidence and other evidence in the record. AR 23-24. As noted above, K.B. does not challenge the ALJ's evaluation of this evidence.

The Court must reverse the Commissioner's decision only if the Commissioner's decision is not supported by substantial evidence. *Ahearn*, 988 F.3d at 1115. Here, the ALJ found that

1  K.B.'s COPD and asthma "were managed medically" and that "no further aggressive treatment
2  was recommended or anticipated for these conditions." AR 20. Substantial evidence supports the
3  ALJ's finding that K.B.'s COPD and asthma are non-severe impairments. The Court finds no
4  error here.

     **B.     Residual Functional Capacity**

     The ALJ concluded that K.B. could perform a full range of work at all exertional levels with certain non-exertional limitations. AR 22. K.B. contends that the ALJ erred by failing to consider K.B.'s COPD and asthma when assessing her RFC and finding that K.B. could perform work at all exertional levels. Dkt. No. 14 at 12.

     In assessing a claimant's RFC, an ALJ must consider all of the claimant's limitations, including those that are not severe. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."); *id*. § 404.1545(e) ("When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment in appendix 1 of this subpart, we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity."); *see also* SSR 96-8p, 1996 WL 374184, at *5 ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

     While the regulations require the ALJ to *consider* the effect of all of a claimant's impairments in formulating the RFC, they do not require her to translate every non-severe impairment into a functional limitation in the RFC. *D.L.P. v. Kijakazi*, No. 21-cv-00792-VKD, 2022 WL 4472064, at *3 (N.D. Cal. Sept. 26, 2022); *see also Medlock v. Colvin*, No. 15-cv-9609-KK, 2016 WL 6137399, at *5 (C.D. Cal. Oct. 20, 2016) ("*Consideration* of 'the limiting effects of all impairments' does not necessarily require the *inclusion* of every impairment into the final RFC if the record indicates the non-severe impairment does not cause a significant limitation in the plaintiff's ability to work."). "Provided the ALJ does not rely on boilerplate language, but actually reviews the record and specifies reasons supported by substantial evidence for not

1  including the non-severe impairment, the ALJ has not committed legal error." *Medlock*, 2016 WL
2  6137399, at *5.
3      K.B. argues that the ALJ erred because she did not consider exertional limitations related
4  to K.B.'s COPD and asthma when assessing her RFC. Dkt. No. 14 at 12. The Court disagrees.
5  The record shows that the ALJ considered this evidence and explained her findings regarding
6  K.B.'s COPD and asthma impairments and the symptoms and limitations associated with those
7  impairments. Based on those findings, the ALJ concluded these conditions "present no more than
8  mild functional limitations and have not resulted in any significant limitation in the claimant's
9  ability to do basic work activities." AR 20. The ALJ specifically considered these conditions in
10 determining her RFC. AR 22, 24-25.
11     Accordingly, the Court concludes that the ALJ did not fail to consider K.B.'s COPD and
12 asthma in her RFC determination.

### IV. CONCLUSION

Based on the foregoing, the Court affirms the ALJ's decision. The Clerk shall enter judgment accordingly and close this file.

**IT IS SO ORDERED.**

Dated: September 30, 2025

Virginia K. DeMarchi
United States Magistrate Judge